UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

MINNESOTA CHAPTER OF ASSOCIATED BUILDERS AND CONTRACTORS, INC., BUILDERS ASSOCIATION OF MINNESOTA, and J & M CONSULTING, LLC,

Appellants,

v.

NICOLE BLISSENBACH, in her official capacity as the Commissioner of the Minnesota Department of Labor and Industry, KEITH ELLISON, in his official capacity as the Attorney General of Minnesota,

Appellees.

On Appeal from the United States District Court
for the District of Minnesota
The Honorable John R. Tunheim, Presiding
0:25-cv-00550-JRT-JFD

**REPLY BRIEF IN SUPPORT OF APPELLANTS' MOTION FOR EXPEDITED BRIEFING AND ORAL ARGUMENT**

**LITTLER MENDELSON, P.C.**
Thomas R. Revnew (#0295620)
trevnew@littler.com
Kurt J. Erickson (#158380)
kerickson@littler.com
Lehoan (Hahn) T. Pham (#0397635)
hpham@littler.com
1300 IDS Center, 80 South 8th Street
Minneapolis, MN 55402.2136
Telephone: (612) 630-1000
*Attorneys for Appellants*

# TABLE OF CONTENTS

                                                          **Page**

INTRODUCTION .................................................................................................1

ARGUMENT .......................................................................................................5

I.      THIS INTERLOCUTORY APPEAL INDISPUTABLY CONCERNS THE DENIAL OF PRELIMINARY INJUNCTIVE RELIEF AND GOVERNING LAW SUPPORTS AN EXPEDITED APPEAL. ......................................................5

      A.      Appellants Have Established Their Undeniable Right to an Expedited Relief. ..................................................................................5

      B.      The Court Need Not Account for the Legislative History of Section 1657(a), Because the Statutory Language is Clear. ...................................6

II.     THE COURT SHOULD REJECT APPELLEES' EFFORTS TO PRE-LITIGATE WHETHER APPELLANTS ARE LIKELY TO SUCCEED ON THEIR EIGHTH AMENDMENT CLAIM. .......................................................9

CONCLUSION .................................................................................................11

CERTIFICATE OF COMPLIANCE ...........................................................................13

CERTIFICATE OF SERVICE .................................................................................15

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Exxon Mobil Corp. v. Allapattah Services, Inc.*,
 545 U.S. 546 (2005) ............................................................................. 7, 11

*Estate of Farnam v. C.I.R.*,
 583 F.3d 581 (8th Cir. 2009) ...................................................................... 11

*Florida Power & Light Co. v. Lorion*,
 470 U.S. 729 (1985) ............................................................................. 7, 11

*U.S. v. Jongeward*,
 567 F.3d 336 (8th Cir. 2009) ...................................................................... 12

*Mathews v. Eldridge*,
 424 U.S. 319 (1976) .......................................................................... 7, 8, 13

*Ontario Forest Indus. Assoc. v. United States*,
 30 C.I.T. 1117 (2006) ................................................................................ 12

*Serono Laboratories, Inc. v. Shalala*,
 No. 97-5188, 1998 WL 744103 (D.C. Cir. Aug. 12, 1998) (per curiam) .......................................................................................................... 6

*Stursberg v. Morrison Sund PLLC*,
 112 F.4th 556 (8th Cir. 2024) ...................................................................... 11

*Van Hollen v. Federal Election Com'n*,
 No. 12–5117, 12–5118, 2012 WL 1758569 (D.C. Cir. May 14, 2012) (per curiam) ............................................................................................. 6

**Statutes**

28 U.S.C. § 1657(a) ............................................................................. *passim*

Minn. Stat. § 181.723 (2024).................................................................................7

# INTRODUCTION

The Court here need only resolve whether Appellants have shown they are entitled to an expedited briefing schedule and oral argument setting.

Appellees seek to transform this *procedural* motion into a *substantive* debate on whether Appellants have shown they have suffered irreparable harm, or whether the Eighth Amendment's bar on excessive fines applies in a pre-enforcement action. All that relates to whether the district court erred in denying preliminary injunctive relief to Appellants, which will be addressed in later briefing.

Appellees do not, because they cannot, dispute that the district court denied preliminary injunctive relief to Appellants. *See* 28 U.S.C. § 1657(a). Appellees erroneously try to distinguish *Brady v. Nat'l Football League*, *Mille Lacs Band of Chippewa Indians v. State of Minnesota*, and *Henderson v. Bodine Aluminum, Inc.* by arguing those cases involved specifically identified irreparable harm. Appellants here have expressly identified these specific irreparable harms: (1) violations of the members' rights under the Due

1

Process Clause and Eighth Amendment; and (2) stacking monetary penalties for innocent or inadvertent violations of the Statute leading to severe financial harm that may cause bankruptcy or the shutting down of business. Appellants also cited a series of D.C. Circuit Court of Appeals cases[1], where the D.C. Circuit held that appeals from an action involving preliminary injunctive relief should be expedited. Appellees do not even mention the D.C. Circuit cases.[2] The Court should thus grant expedited relief here because Section 1657(a), this Court's precedent, and persuasive authority from the D.C. Circuit allow for an expedited appeal.

Moreover, Appellees do not argue that Section 1657(a) is ambiguous, yet they ask that the Court apply Section 1657(a)'s legislative history to rule that Appellants have failed to show good cause.[3] The Court only considers legislative history if it first finds that the at-issue law is ambiguous on its

---

[1] *Serono Laboratories, Inc. v. Shalala*, No. 97-5188, 1998 WL 744103, at *1 (D.C. Cir. Aug. 12, 1998) (per curiam); *Van Hollen v. Federal Election Com'n*, No. 12–5117, 12–5118, 2012 WL 1758569, at *1 (D.C. Cir. May 14, 2012) (per curiam).
[2] (*See generally* Appellees' Resp.)
[3] (Appellees' Resp., at 8.)

2

face.[4] Section 1657(a)'s "good cause" requirement is unambiguous and contains two parts: (1) is there an applicable right under the United States Constitution; and (2) would the constitutional right be maintained through a meritorious request for expedited review. Appellants have satisfied both requirements.

And now, a critical point is undisputed. Appellants have made a threshold showing that Minnesota Statute Section 181.723 (2024) (the "Statute") violates the Fourteenth Amendment's Due Process Clause, because the Statute is unconstitutionally vague and thus good cause exists under Section 1657(a) to grant expedited relief.[5] Appellees do not expressly dispute this point. Instead, Appellees argue that Appellants have not sufficiently pleaded facts supporting their claim that the Statute deprives Appellants' members of procedural due process under *Mathews v. Eldridge*[6],

---

[4] *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 567 (2005); *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 737 (1985).
[5] (Moving Mot., at 10, 14.)
[6] 424 U.S. 319 (1976)

3

which is entirely separate from Appellants' void-for-vagueness claim.[7] To support their argument, Appellees direct the Court to the parts in the district court's order where it ruled that Appellants were unlikely to succeed on their procedural due process claim under *Mathews*.[8] Appellees thus do not dispute that Appellants have made a threshold showing that the Statute is void-for-vagueness. The Court should at least grant expedited relief so that it may fully hear the substantive arguments on why the Statute is unconstitutionally vague.[9]

Finally, Appellees argue that the Court should deny expedited relief because the Eighth Amendment purportedly does not apply in the pre-enforcement context.[10] Appellees essentially argue that Appellants are

---

[7] (*Compare* Pham Decl., Compl., Ex. A, ¶¶ 71–80 *with id*. ¶¶ 97–101.)
[8] (Appellees' Resp., at 12–13) (citing Pham Decl. Ex. I, at 12; R. Doc. 28, at 13).) Page 12 of Exhibit I is about Appellants' preemption argument under the National Labor Relations Act. Appellants assume Appellees' reference to page 12 is a typographical error.
[9] On March 24, 2025, Appellants served Appellees with their Statement of Issues. FED. R. APP. P. 30(b)(1). Appellees are now aware that Appellants do *not* seek review of the district court's ruling on Appellants' claim for deprivation of procedural due process under *Mathews*.
[10] (Appellees' Resp., at 13–14.)

4

unlikely to succeed on their Eighth Amendment claim. Appellees may argue that point in their later merits brief. Here, however, the Court is considering whether Appellants are entitled to expedited relief, which they have shown is an appropriate remedy.

## ARGUMENT

**I. THIS INTERLOCUTORY APPEAL INDISPUTABLY CONCERNS THE DENIAL OF PRELIMINARY INJUNCTIVE RELIEF AND GOVERNING LAW SUPPORTS AN EXPEDITED APPEAL.**

### A. Appellants Have Established Their Undeniable Right to an Expedited Relief.

The Court "shall expedite the consideration of . . . any action for temporary or preliminary injunctive relief." 28 U.S.C. § 1657(a). Because this interlocutory appeal concerns the denial of preliminary injunctive relief, Appellees skip right to trying to distinguish *Brady v. Nat'l Football League*, *Mille Lacs Band of Chippewa Indians v. State of Minnesota*, and *Henderson v. Bodine Aluminum, Inc*. (Appellees' Resp., at 11.) Appellees suggest that unlike in those cases, Appellants here have failed to identify the irreparable harm. (Appellees' Resp., at 11.) Appellees lead the Court astray.

Appellants have expressly identified how Appellees enforcing the Statute inflicts these specific irreparable harms on Appellants' members:

5

(1) violations of the members' rights under the Due Process Clause and the Eighth Amendment; and (2) stacking monetary penalties for innocent or inadvertent statutory violations, leading to severe financial harm that may cause bankruptcy or the shutting down of business. (Pham Decl., Ex. A, Compl. ¶¶ 12, 14, 43–49, 51–69, 83; *id*. Ex. B, McGuine Decl., ¶ 13; *id*. Ex. E, Moving Mem., at 42–45.) No scenario exists where Appellants can rectify those harms through recovering monetary damages against Appellees, because Appellees enjoy sovereign immunity. (Pham Decl., Ex. E, Moving Mem., at 43–44.)

Regardless, the issue of irreparable harm goes to the underlying merits on whether the district court erred in denying preliminary injunctive relief. That issue plays no role on whether the Court should grant expedited relief.

### B. The Court Need Not Account for the Legislative History of Section 1657(a), Because the Statutory Language is Clear.

Within the last year, the Court has expressly held: "We seldom rely on legislative history and never when it is contrary to the plain meaning of the statute." *Stursberg v. Morrison Sund PLLC*, 112 F.4th 556, 564 (8th Cir. 2024). *Stursberg* squares with the Supreme Court's and this Court's

6

precedent on how the Court will only resort to reviewing legislative history if it *first* rules that the at-issue law is ambiguous. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 567 (2005) (explaining that reviewing legislative history is not necessary when the law's language is unambiguous); *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 737 (1985) ("Because we find the statute ambiguous on its face, we seek guidance in the statutory structure, relevant legislative history, congressional purposes expressed in the choice of Hobbs Act review[.]"); *Estate of Farnam v. C.I.R.*, 583 F.3d 581, 584 (8th Cir. 2009) ("The first step to that end is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case . . . If so, the analysis ends and the court applies the statute's plain meaning . . . If, however, the language of the statute is ambiguous, the court may examine legislative history and other authorities to determine legislative intent.") (internal quotations and citations omitted); *U.S. v. Jongeward*, 567 F.3d 336, 340 (8th Cir. 2009) ("Since [appellant] has not shown that the statute is ambiguous or that enforcing the

7

statute as written would produce absurd results, we need not consider the legislative history[.]").

Here Appellees do not even imply, much less expressly argue, that Section 1657(a) is ambiguous. The Court should entirely disregard all of Appellees' cited legislative history, because they have failed to make the threshold showing that Section 1657(a) is ambiguous.[11]

By contrast, Appellants have made the threshold showing that Section 1657(a)'s plain terms on "good cause" should compel the Court to grant expedited relief. Appellants have shown that their constitutional rights hang in the balance. (Moving Mot., at 14.) They have made a meritorious request for expedited relief and that such relief maintains their constitutional rights. (*Id*.)

---

[11] Instead of arguing whether Section 1657(a) is ambiguous, Appellees cite *Ontario Forest Indus. Assoc. v. United States*, 30 C.I.T. 1117, 1127 (2006). *Ontario Forest* comes out of the United States Court of International Trade. The *Ontario Forest* court applied Section 1657(a)'s legislative history *without* making an initial finding that the law is ambiguous. *Id*. at 1319–20. *Ontario Forest* conflicts with the Supreme Court's and this Court's precedent on how the Court will not consider legislative history, unless there is an initial finding that the law is ambiguous.

8

Appellees do not even dispute that Appellants have made a threshold showing under Section 1657(a) that the Statute violates the Due Process Clause and is thus void-for-vagueness. (*Supra*, pp. 4–5.) Instead, Appellees focus on Appellants' claim of deprivation of due process under *Mathews*, which is entirely separate from their void-for-vagueness claim. (*Supra*, pp. 4–5); (Appellees' Resp., at 12–13.) Accordingly, because no dispute exists that Appellants have made the necessary threshold showing, the Court should grant expedited relief.

II. **THE COURT SHOULD REJECT APPELLEES' EFFORTS TO PRE-LITIGATE WHETHER APPELLANTS ARE LIKELY TO SUCCEED ON THEIR EIGHTH AMENDMENT CLAIM.**

Appellees separately argue that expedited relief is not appropriate because the Eighth Amendment's bar on excessive fines seemingly does not apply in the pre-enforcement context. (Appellees' Resp., at 13.) Appellees are free to argue later whether Appellants are likely to succeed on their Eighth Amendment claim. This motion concerns the procedural question on whether Appellants are entitled to an expedited appeal.

In trying to prevent expedited relief, Appellees also take contradictory positions on Appellants' Eighth Amendment claim. On one hand, Appellees

9

argue that Appellants filed a pre-enforcement action, and so, no monetary fines have been imposed. (Appellees' Resp., at 13–14.) Appellees further claim "there is no looming threat of enforcement[.]" (*Id*. at 10.) In other words, Appellants (allegedly) seek premature relief.

On the other hand, Appellees argue Appellants sat on their hands, because they filed suit "eight months after the omnibus bill became law." (*Id*. at 14.) Under Appellees' logic, Appellants have unduly delayed seeking premature relief. That is perplexing and entirely misses the mark.

The emergency nature of this case is as follows. Appellants filed this pre-enforcement action several weeks before the Statute became law. (Moving Mot., at 2, 10.) Upon filing the action, the district court set an expedited briefing schedule and promptly heard oral argument. (*Id*. at 10–11.) The district court then denied injunctive relief on March 5, 2025, within one week of oral argument. (*Id*.) The district court's prompt actions allowed Appellants to file their Notice of Appeal on March 7, 2025 (Pham Decl., Ex. K)—within a matter of days of the Statute becoming effective (*i.e.*, on

10

March 1, 2025.) The district court and Appellants understand the emergency nature of this case, and so too should this Court.

## **CONCLUSION**

In conclusion, Appellants request that the Court order an expedited briefing schedule and oral argument setting. Because of the natural passage of time, Appellants' initially proposed schedule no longer is workable. The Court should instead adopt this schedule:

- Deadline for Appellants to serve and file the Joint Appendix and Initial Brief: April 14, 2025.

- Deadline for Appellees to serve and file the Appellees' Brief: May 14, 2025, or thirty days from the date the Court issues the Notice of Docket Activity filing for the Joint Appendix and Initial Brief, whichever date is earlier.

- Deadline for Appellants to serve and file their Reply Brief: May 28, 2025, or fourteen days from when the Court issues the Notice of Docket Activity filing for the Appellees' Brief, whichever date is earlier.

- Oral argument setting: A date in mid- to late-June 2025.[12]

---

[12] Appellees do not object to the Court setting oral argument itself. (Appellees' Resp., at 1 n.1.) They cite no practical reason preventing an oral argument in June 2025, such as a scheduling conflict. Appellees seemingly just do not want to appear for an oral argument in June 2025.

11

Dated: March 31, 2025

/s/ *Thomas R. Revnew*

Thomas R. Revnew, Bar No. 0295620
trevnew@littler.com
Kurt J. Erickson, Bar No. 158380
kerickson@littler.com
Lehoan T. Pham, Bar No. 0397635
hpham@littler.com

LITTLER MENDELSON, P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402.2136
Telephone: (612) 630-1000
Facsimile: (612) 630-9626

**Attorneys for Appellants**

# CERTIFICATE OF COMPLIANCE

1. Certificate of Compliance with the Type-Volume Limitation, the Typeface Requirements, and the Type Style Requirements of Fed. R. App. P. 27(d) and with the Technical Requirements of 8th Cir. R. 28A(h).

2. This reply brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C) because it contains 2,075 words, *excluding* the words from the cover page, Table of Contents, Table of Authorities, signature blocks, and certificates. Fed. R. App. P. 32(f).

3. This reply brief complies with the requirements of Fed. R. App. P. 27(d)(1)(E) and the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using 14-point font, Palatino Linotype, using Microsoft Word 365 Version.

4. The digital version of this reply brief filed herewith has been scanned for viruses and to the best of my knowledge, is virus-free.

Dated: March 31, 2025

                *s/ Thomas R. Revnew*

                Thomas R. Revnew, Bar No. 0295620
                trevnew@littler.com
                Kurt J. Erickson, Bar No. 158380
                kerickson@littler.com
                Lehoan (Hahn) T. Pham, Bar No. 0397635
                hpham@littler.com

                LITTLER MENDELSON, P.C.
                1300 IDS Center
                80 South 8th Street
                Minneapolis, MN  55402.2136
                Telephone: 612.630.1000
                Facsimile: 612.630.9626

                **Attorneys for Appellants**

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *Thomas Revnew*
Thomas Revnew