No. 25-1480

---

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

---

MINNESOTA CHAPTER OF ASSOCIATED BUILDERS AND CONTRACTORS; BUILDERS ASSOCIATION OF MINNESOTA, and J & M CONSULTING, LLC,

                          Appellants,

v.

NICOLE BLISSENBACH, in her official capacity as Commissioner of the Minnesota Department of Labor and Industry; KEITH M. ELLISON, in his official capacity as Attorney General of Minnesota,

                          Appellees.

---

On Appeal from the United States District Court for the District of Minnesota
The Honorable John R. Tunheim, Presiding 0:25-cv-00550-JRT-JFT

---

## BRIEF OF *AMICUS CURIAE* THE BUILDING INDUSTRY ASSOCIATION OF THE RED RIVER VALLEY IN SUPPORT OF APPELLANTS & REVERSAL OF THE DISTRICT COURT

---

                                        Dean B. Thomson (#141045)
                                        FABYANSKE WESTRA HART &
                                        THOMSON PA
                                        80 South Eighth Street, Suite 1900
                                        Minneapolis, MN 55402
                                        dthomson@fwhtlaw.com
                                        Ph: 612-359-7600

                                        *Counsel for Amici Curiae The Building*
                                        *Industry Association of the Red River Valley*

*OTHER COUNSEL LISTED ON NEXT PAGE*

| | |
|---|---|
| **LITTLER MENDELSON P.C.**<br>Thomas R. Revnew (#0295620)<br>trevnew@littler.com<br>Kurt J. Erickson (#158380)<br>kerickson@littler.com<br>Lehoan T. Pham (#0397635)<br>hpham@littler.com<br>1300 IDS Center, 80 South 8th Street<br>Minneapolis, MN 55402.2136<br>Telephone: (612) 630-1000<br>Attorneys for Appellants | **KEITH ELLISON, ATTORNEY GENERAL**<br>Janine Kimble (#0392032)<br>janine.kimble@ag.state.mn.us<br>Christy Hall (#0392627)<br>christy.hall@ag.state.mn.us<br>Matthew A. McGuire (#0402754)<br>matthew.mcguire@ag.state.mn.us<br>445 Minnesota Street, Suite 600<br>St. Paul, MN 55101-2131<br>Telephone: (651) 757-1415<br>Attorneys for Appellees |

# CORPORATE DISCLOSURE STATEMENT

In accordance with Federal Rule of Appellate Procedure 26.1 and Eighth Circuit Rule 26.1A, the Building Industry Association of the Red River Valley states it is a North Dakota non-profit corporation with a principal place of business at 1802 32nd Ave S, Fargo ND 58103, it is not a publicly held corporation, it does not have a parent corporation, and that no publicly held corporation owns 10% or more of its stock.

Dated:  April 28, 2025                     **FABYANSKE, WESTRA, HART & THOMSON, P.A.**

By: /s/ Dean B. Thomson
Dean B. Thomson (#141045)
80 South Eighth Street, Suite 1900
Minneapolis, MN  55402
dthomson@fwhtlaw.com
Ph: 612-359-7600

ATTORNEYS FOR AMICUS CURIAE

**TABLE OF CONTENTS**

                                **Page**

CORPORATE DISCLOSURE STATEMENT……………………….………i

TABLE OF CONTENTS………………………………………………………ii

AUTHORITIES……………………………………………………………...iii

INTERESTS OF AMICUS CURIAE……………………………………..1

ARGUMENT……………………………………………………………...2

I.    VIOLATION OF THE ACT BY PUBLIC CONTRACTORS RESULTS IN THEIR BEING PUT OUT OF BUSINESS FOR THREE YEARS THEREBY CAUSING PUBLIC CONTRACTORS IRREPARABLE HARM AND VIOLATING THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION BY IMPOSING EXCESSIVE FINES……………………………………..2

CERTIFICATE OF COMPLIANCE………………………………………8

CERTIFICATE OF SERVICE…………………………………………….9

# TABLE OF AUTHORITIES

                                                                                                          **Page**

**Constitutional Provisions**

*U.S. Const. amend*. VIII ................................................................................................ 4

**Federal Rules**

Fed. R. App. P. 29(a)(2) ................................................................................................. 1

**State Statutes**

Minn. Stat. § 16C.285 ..................................................................................................... 2

Minn. Stat. § 16C.285, Subd. 2(a) .................................................................................. 3

Minn. Stat. § 16C.285, Subd. 3(2)(vi) ............................................................................ 3

Minn. Stat. § 16C.285, Subd. 3(3) .................................................................................. 3

Minn. Stat. § 181.723 ............................................................................................ 1, 4, 5, 6

Minn. Stat. § 181.723, Subd. 4 ....................................................................................... 2

Minn. Stat. § 181.723, Subd. 4(a) ................................................................................... 5

Minn. Stat. 181.285, Subd. 4(a)(iv) ................................................................................ 6

**Other Authorities**

Black's Law Dictionary (12th ed. 2024) ....................................................................... 3

# INTERESTS OF AMICUS CURIAE[1]

The Building Industry Association of the Red River Valley (the "BIA"), formerly Home Builders Association of Fargo-Moorhead, has been in existence since 1956 and is a nonprofit trade organization comprised of approximately 700 commercial and residential contractors in the Moorhead/Fargo region of Minnesota and North Dakota. Its vision is to nurture thriving, innovative, and diverse housing and building industries, with efforts focusing on advocacy, education, and information, workforce development, and ensuring a strong building and remodeling industry. Many of its contractor members are residents of Minnesota, have business in Minnesota, and perform public and private construction work in Minnesota. As a result, Minn. Stat. § 181.723 (the "Minnesota Independent Contractors Act" or the "Act") applies to the public and private construction work performed by many BIA members.

The BIA is concerned with the effect the Minnesota Independent Contractors Act will have on its members because any violation of the Act subjects them to the irreparable harm and excessive fine of not being able to bid public work for three years. Such a penalty is an unconstitutional excessive fine in that it will put public contractors that violate the Act in Minnesota out of business. For

---

[1] All parties have consented to the filing of this brief. See Fed. R. App. P. 29(a)(2). No counsel for any party authored this brief in whole or in part, and no entity or person, aside from the amicus curiae, their members, or their counsel, made any monetary contribution intended to fund the preparation or submission of this brief.

these reasons, the BIA as amicus curiae, urges reversal of the district court's decision and supports Appellants' request for relief.

## ARGUMENT

**I. VIOLATION OF THE ACT BY PUBLIC CONTRACTORS RESULTS IN THEIR BEING PUT OUT OF BUSINESS FOR THREE YEARS THEREBY CAUSING PUBLIC CONTRACTORS IRREPARABLE HARM AND VIOLATING THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION BY IMPOSING EXCESSIVE FINES.**

The Act creates 14 criteria and an additional 10 sub criteria that must each be satisfied before a person under the Act can establish it is an independent contractor as opposed to an employee of the entity hiring the person. Minn. Stat. § 181.723, Subd. 4. As the Appellant's memorandum in the district court in support of its motion for a preliminary injunction explained, the express monetary fines established in the Act for its violation are unconstitutionally excessive,[2] but the fines stated in the Act do not capture the full penalties and fines that can be assessed.

Violation of the Act also is a violation of the Responsible Contractor's Act, Minn. Stat. § 16C.285 (the "RCA"). According to the RCA, a contractor bidding or proposing on public work must meet the minimum criteria of the RCA in order to be eligible for award of the public construction contract. Minn. Stat. § 16C.285,

---

[2] The BIA supports the Appellants' argument in this regard, but as it is in the record, there is no reason to repeat that argument and authorities supporting it here.

Subd. 2(a). One of the minimum criteria that must be met in order to be considered a responsible contractor is that the contractor must not have violated the Minnesota Independent Contractors Act within the last three years. Minn. Stat. § 16C.285, Subd. 3(3). The RCA also provides that a person cannot claim to be a responsible contractor if it has been found liable for underpayment of wages or penalties or misrepresenting a construction worker as an independent contractor in an action brought in a court having jurisdiction. Minn. Stat. § 16C.285, Subd. 3(2)(vi).

Thus, violation of the Act effectively debars a contractor from receiving an award of public work for three years because the RCA requires that the contractor certify that it has not violated the Act within the last three-years. As Subd. 7 of the Act states, "The solicitation document for any project shall state that any prime contractor or subcontractor or motor carrier that does not meet the minimum criteria in subdivision 3 or fails to verify that it meets those criteria is not a responsible contractor and is not eligible to be awarded a construction contract for the project or to perform work on the project." If the contractor cannot certify it has not violated the Act within the last three years, it will not be a responsible contractor and not eligible for an award of public work.

Black's Law Dictionary defines an "excessive fine" as "A fine or penalty that seriously impairs one's earning capacity, esp. from a business." *Excessive Fine*, Black's Law Dictionary (12th ed. 2024). Prohibiting the award of a public

construction contract for three years to a contractor that bids public work is a devastatingly excessive fine. If that contractor depends on the award of public contracts to stay in business, then the penalty would not just seriously impair its business's earning capacity, it would be a death sentence. On top of that, the Contractor would in addition still have to pay for the stacked fines imposed by the Act that are described in Appellants' brief. *See* Appellants' Principal Brief to this Court, p. 13. The combined effect would be like repeatedly bayonetting the contractor after the death sentence has been executed and it is economically dead. Therefore, the district court's erred when stating that there was not a risk of irreparable harm arising from violation of the Act. It is axiomatic that putting a contractor out of business for three years constitutes irreparable harm when there is no opportunity to recover that loss. Adequate monetary remedies are not available to public contractors barred from receiving awards of public contracts due to violations of the Act because the State of Minnesota has sovereign immunity. *See* Appellants' Principal Brief to this Court, p. 28.

It is equally obvious putting a public contractor out of business for three years for violating just one of the 24 criteria and sub criteria of the Act is an unconstitutional excessive fine. The United States Constitution explicitly protects against excessive fines. *U.S. Const. amend*. VIII. Being put out of business is an especially excessive penalty because a person can unknowingly violate the Act and

still suffer the same consequences for an intentional violation. As an example, a person must meet all 24 criteria and sub criteria "at the time the services were provided or performed…". Minn. Stat. § 181.723, Subd. 4(a). A prudent contractor hiring a subcontractor might ask the subcontractor to certify that it is an independent contractor and has complied with the Act when the subcontractor is hired. Indeed, the subcontractor might meet all the requirements of the Act when it is hired, but that does not insulate the contractor from violating the Act because the subcontractor still has to be in compliance with the Act *at the time its services were performed*, which is often well after it has signed the subcontract.

In other words, the subcontractor might be compliant with the Act when it signed its subcontract but not compliant when it later performed its work. It is highly unlikely the contractor hiring the subcontractor would know whether or not the subcontractor has somehow violated one of the 24 criteria and sub criteria of the Act subsequent to when it signed the subcontract. Indeed, the contractor would not be able to know without continuously auditing and investigating the subcontractor's compliance with the Act throughout the project which is impossible from a practical standpoint.

Even continued auditing of the subcontractor would not suffice as some of the Act's requirements cannot effectively be audited. For instance, a subcontractor claiming to be an independent contractor has to have properly filed its tax returns

within the last 12 months. Minn. Stat. 181.285, Subd. 4(a)(iv). Suppose the subcontractor had properly filed its taxes when it signed the subcontract, but did not subsequently properly file at the time it performed its work. The contractor would have no way of knowing of the subcontractor's failure to file its tax return because the contractor has no ability to demand an audit of the subcontractor's tax returns. Yet the contractor will still have violated the Act if the subcontractor no longer qualifies as an independent contractor because it failed to properly file its returns when it eventually performs its work on the project. Disqualifying the contractor from public work for three years in such circumstances would be an unconstitutional excessive fine as it is grossly disproportionate penalty for an unknowing violation of the Act.

## CONCLUSION

The interplay between the Minnesota Independent Contractors Act and the Responsible Contractor Act creates a high risk of irreparable harm to public contractors by imposing an unconstitutional excessive fine. For these reasons, the BIA supports the Appellant's appeal of the district court's Order.

                Respectfully submitted,

Dated: April 25, 2025        **FABYANSKE, WESTRA, HART & THOMSON, P.A.**

            By: /s/ Dean B. Thomson
               Dean B. Thomson (#141045)
               80 South Eighth Street, Suite 1900
               Minneapolis, MN 55402
               dthomson@fwhtlaw.com
               Ph: 612-359-7600

               ATTORNEYS FOR *AMICI CURIAE* THE BUILDING INDUSTRY ASSOCIATION OF THE RED RIVER VALLEY

# CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type volume limits because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this brief contains 1,367 words.

I further certify that this brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 point font.

In accordance with Circuit Rule 28A(h)(2), I certify that this brief has been scanned for viruses and is virus free.

/s/ Dean B. Thomson

# CERTIFICATE OF SERVICE

I certify that, on this April 28, 2025, I electronically filed a BRIEF OF *AMICUS CURIAE THE BUILDING INDUSTRY ASSOCIATION OF THE RED RIVER VALLEY* with the Clerk for the 8th Circuit of Court of Appeals. I used the Court's CM/ECF system, which serves registered CM/ECF users. All attorneys in this case are registered CM/ECF users and were served accordingly.

                                                    /s/ Dean B. Thomson